UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. _____ – Civ _____/_____

JAN CARLOS PIMENTEL, individually and
on behalf of all others similarly situated,

    Plaintiffs,

v.

INSUREPRO, INC.

    Defendant.

_____/

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that Defendant INSUREPRO, INC., ("InsurePro"), by and through its undersigned counsel, hereby removes the action described below from the Circuit Court of the 11th Judicial Circuit, in and for Miami-Dade County, Florida ("State Court") to the United States District Court for the Southern District of Florida, pursuant to 28 U.S.C. §§ 1331, 1367 and 1446. As set forth more fully below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1446 because InsurePro has satisfied the procedural requirements for removal, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367. In support of this Notice of Removal, InsurePro states as follows:

### THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1331 AND 1367

1.    United States District Courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. The general rule is that a case meets the "arising under" standard if it is apparent that federal law creates the plaintiff's cause of action from the face of the complaint. *See Empire HealthChoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 701 (2006); *Franchise Tax Bd. of State of Cal. v. Constr.*

*Laborers Vacation Trust for So. Cal.*, 463 U.S. 1, 27-28 (1983). Where a court has original jurisdiction based on federal question, it also has supplemental jurisdiction over related claims. 28 U.S.C. § 1367.

2. On or about October 23, 2025, Plaintiff Jan Carlos Pimentel ("Plaintiff") filed a Class Action Complaint ("Complaint"), entitled *Jan Carlos Pimentel v. InsurePro* in the Circuit Court of the 11th Judicial Circuit, in and for Miami-Dade County, Florida, under Case No. 2025-020927-CA-01. A true and correct copy of the State Court Summons and Complaint served on InsurePro are attached as **Exhibit A**, as required by 28 U.S.C. § 1446(a).

3. In the Complaint, Plaintiff alleges that InsurePro made unwanted telephone solicitation to advertise, promote, or market InsurePro's property, goods, or services. *See* Cmplt., pp. 7-8. Based on this allegation, Plaintiff asserts a claim against InsurePro for alleged violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. *See* Cmplt., p 1. Plaintiff also alleged a class action under Fla. R. Civ. P. 1.220.[1]

4. Because this action arises under federal law (the TCPA), which can be ascertained from the face of Plaintiff's Complaint, this Court has original jurisdiction pursuant to 28 U.S.C. § 1331. This Court also has supplemental jurisdiction over any state law claims Plaintiff purports to assert. 28 U.S.C. § 1367. Accordingly, this action may be removed to this Court pursuant to 28 U.S.C. § 1446.

**THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED**

5. On November, 10, 2025, InsurePro was personally served with a copy of the Summons and Complaint. *See* **Exhibit A**.

6. In accordance with 28 U.S.C. § 1446(b), InsurePro has filed this removal action within 30 days of receipt of the Complaint. The removal is, therefore, timely.

---

[1] InsurePro does not admit that this action is properly a class action under either the Florida or Federal Rules of Civil Procedure and the Class Action Fairness Act.

7. The Circuit Court of the 11th Judicial Circuit, in and for Miami-Dade County, Florida is located within the United States District Court for the Southern District of Florida, Miami Division. *See* 28 U.S.C. § 84(c)(1). Thus, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

8. In compliance with 28 U.S.C. §1446(d), InsurePro will serve on Plaintiff and file with the Clerk of the 11th Judicial Circuit, in and for Miami-Dade County, Florida a written notice of the filing of this Notice of Removal, with a copy of this Notice of Removal attached to the notice.

9. **Exhibit A** constitutes all process, pleadings, and orders served and filed in the State Court action.

10. No previous application has been made for the relief requested herein.

11. **WHEREFORE**, InsurePro respectfully removes this action from the Circuit Court of the 11th Judicial Circuit, in and for Miami-Dade County, Florida to this Court pursuant to 28 U.S.C. §§ 1331, 1367 and 1446.

Dated: December 10, 2025

    Dated: December 10, 2025    Respectfully submitted,

        MCGIVNEY KLUGER CLARK & INTOCCIA, P.C.
        *Counsel for American Property Insurance Company*

        */s/ J. Steven Warner.*
        Hillarie A. Miller, Esq.
        FBN: 0099564
        J. Steven Warner Esq.
        FBN: 337331

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished in compliance with via electronic transmission to all parties registered to receive electronic filing (cm/ecf) on this Wednesday, December 10, 2025

*/s/ J. Steven Warner.*
Hillarie A. Miller, Esq.
FBN: 0099564
J. Steven Warner Esq.
FBN: 337331
3111 N. University Drive, Suite 604
Coral Springs, FL 33065
Tel:	(786) 696-9851
hmiller@mkcilaw.com
swarner@mkcilaw.com
shuntley@mkcilaw.com
arodriguez@mkcilaw.com



**Corporate Creations Network Inc.**
801 US Highway 1 North Palm Beach, FL 33408

Insurepro, Inc.
Paul Serafy Director
Rex Team General LLC
PMB 323
1101 W 34th St
Austin TX 78705

November 10, 2025

# SERVICE OF PROCESS NOTICE

The following is a courtesy summary of the enclosed document(s).  **ALL information should be verified by you.**

Item: 2025-8

Note: Any questions regarding the substance of the matter described below, including the status or how to respond, should be directed to the contact set forth in line 12 below or to the court or government agency where the matter is being heard. IMPORTANT: All changes or updates to the SOP contact individuals or their contact information must be submitted in writing to SOPcontact@corpcreations.com. Any changes will become effective upon written confirmation of Corporate Creations.

| | | |
|---|---|---|
| 1. | **Entity Served:** | Insurepro, Inc. |
| 2. | **Title of Action:** | Jan Carlos Pimentel vs. Insurepro, Inc. |
| 3. | **Document(s) Served:** | Summons<br>Class Action Complaint |
| 4. | **Court/Agency:** | Miami-Dade County 11th Judicial Circuit Court, Florida |
| 5. | **State Served:** | Delaware |
| 6. | **Case Number:** | 2025-020927-CA-01 |
| 7. | **Case Type:** | Violation |
| 8. | **Method of Service:** | Hand Delivered |
| 9. | **Date Received:** | Monday 11/10/2025 |
| 10. | **Date to Client:** | Monday 11/10/2025 |
| 11. | **# Days When Answer Due<br>Answer Due Date:** | 20<br>Sunday 11/30/2025 | *CAUTION:* Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial deadline, we recommend immediately confirming in writing with opposing counsel that the date of the service in their records matches the Date Received. |
| 12. | **Sop Sender:**<br>(Name, City, State, and Phone Number) | Mitchell D. Hansen<br>Wilton Manors, FL<br>813-340-8838 |
| 13. | **Shipped To Client By:** | Email Only with PDF Link |
| 14. | **Tracking Number:** | |
| 15. | **Handled By:** | 081 |
| 16. | **Notes:** | None |

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information.  At Corporate Creations, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process.  To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid and effective.   It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by Corporate Creations Network Inc.

# EXHIBIT "A"

Filing # 234397504 E-Filed 10/24/2025 11:42:02 AM

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

Case No.: 2025-020927-CA-01

**JAN CARLOS PIMENTEL,**
*individually and on behalf of all others similarly situated,*

**CLASS ACTION**

**Plaintiff,**

**JURY TRIAL DEMANDED**

v.

**INSUREPRO, INC.,**

**Defendant.**
_____/

**SUMMONS**

THE STATE OF FLORIDA:

To Each Sheriff of the State:

YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

**INSUREPRO, INC.**
**C/O: CORPORATE CREATIONS NETWORK INC.**
**1521 CONCORD PIKE SUITE 201**
**WILMINGTON, DE 19803**

Each defendant is required to serve written defenses to the complaint or petition on The Law Offices of Jibrael S. Hindi, PLLC, 1515 NE 26th Street, Wilton Manors, Florida 33305 within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED on: 10/24/2025 _____

Juan Fernandez-Barquin,
Clerk of the Court and Comptroller

By: _____323263_____
As Deputy Clerk

PAGE 1 of 2

Date Served: 11/10/2025
Time Served: 3:05
Server: SB  14559018

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away.

If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book). If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

Respectfully Submitted,

/s/ Mitchell D. Hansen
**MITCHELL D. HANSEN, ESQ.**
Florida Bar No. 1065929
E-mail: mitchell@jibraellaw.com
**ZANE C. HEDAYA, ESQ.**
Florida Bar No.: 1048640
E-mail: zane@jibraellaw.com
**GERALD D. LANE, JR., ESQ.**
Florida Bar No.: 1044677
E-mail: gerald@jibraellaw.com

The Law Offices of Jibrael S. Hindi
1515 NE 26th Street
Wilton Manors, Florida 33305
Phone: 813-340-8838

*COUNSEL FOR PLAINTIFF*

Filing # 234357363 E-Filed 10/23/2025 05:24:52 PM

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

Case No.:

**JAN CARLOS PIMENTEL,**
*individually and on behalf of all
others similarly situated,*

      **CLASS ACTION**

    **Plaintiff,**

      **JURY TRIAL DEMANDED**

v.

**INSUREPRO, INC.,**

    **Defendant.**
_____/

## CLASS ACTION COMPLAINT

Plaintiff Jan Carlos Pimentel ("Plaintiff") brings this class action against Defendant InsurePro, Inc. ("Defendant") and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

## PRELIMINARY STATEMENT

1. Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227) (the "TCPA"). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

1

2.      The TCPA affords special protections for people who, like Plaintiff, have their phone number registered on the National Do Not Call Registry. Specifically, the TCPA provides that each person who receives more than one call on their cell phone after registering their phone number on the National Do Not Call List is entitled to recover a penalty of up to $500 per call, and up to $1,500 per call if the TCPA is willfully or knowingly violated.

3.      The problem with receiving unwanted telemarketing communications is a problem that most people in this country, like Plaintiff, frequently face. For example, in 2024 alone, approximately 52.8 billion robocalls were placed in the United States. RobocallIndex.com, YouMail Robocall Index, https://robocallindex.com/history/time (last visited January 6, 2025). The private right of enforcement of the TCPA is critical to stopping the proliferation of these unwanted telemarketing calls. For example, while the Federal Communications Commission levied over $200 million in penalties against telemarketers between 2015 and 2018, it collected less than $7,000 of that amount. *See* Sarah Krouse, *The FCC Has Fined Robocallers $208 Million. It's Collected $6,790*, THE WALL STREET JOURNAL, March 28, 2019, https://www.wsj.com/articles/the-fcc-has-fined-robocallers-208-million-its-collected-6-790 11553770803.

## NATURE OF THE CLAIM

4.      This is a putative class action brought pursuant to the TCPA.

5.      To promote its goods and services, Defendant engages in unsolicited calls to consumers that have registered their telephone numbers on the National Do Not Call Registry.

6.      Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful conduct which has resulted in intrusion into the peace and quiet in a realm that is private and personal to Plaintiff and the Class members. Plaintiff also seeks statutory damages on behalf of themselves and members of the Class, and any other available legal or equitable remedies.

## JURISDICTION, AND VENUE

7. This Court has subject matter jurisdiction pursuant to Florida Rule of Civil Procedure 1.220 and Fla. Stat. § 26.012(2). The matter in controversy exceeds the sum or value of $50,000, exclusive of interest, costs, and attorney's fees.

8. The Court has personal jurisdiction over Defendant and venue is proper in this county because Defendant directs, markets, and provides its business activities to this county, and because Defendant's unauthorized marketing scheme was directed by Defendant to consumers in this county.

## PARTIES

9. Plaintiff is a natural person entitled to bring this action under the TCPA and a resident of Miami-Dade County, Florida.

10. Defendant is a Delaware corporation with its headquarters located in Austin, Texas.

11. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, vendors, and insurers of Defendant

## FACTS

12. On or about June 5, 2025, Defendant made telephone solicitations to Plaintiff's cellular telephone as depicted below:



13. Overall, Defendant caused approximately three (3) telephone solicitations to be transmitted to Plaintiff's cellular telephone number.

14. As demonstrated by the above screenshots, the purpose of Defendant's telephonic sales calls was to advertise, promote, and/or market Defendant's property, goods, and/or services.

15. Plaintiff is the regular user of the telephone number that received the above solicitations.

16. Plaintiff registered the cellular telephone number on the National Do-Not-Call Registry on or about February 23, 2013.

17. Plaintiff utilizes the cellular telephone number that received Defendant's calls for

4

personal purposes and the number is Plaintiff's residential telephone line and primary means of reaching Plaintiff at home.

18. Upon information and belief, Defendant maintains and/or has access to outbound transmission reports for all calls sent advertising/promoting its services and goods. These reports show the dates, times, target telephone numbers, and content of each call sent to Plaintiff and the Class members.

19. Plaintiff has not transacted any business with Defendant within the past eighteen (18) months before receiving the above calls. Also, Plaintiff has not made any inquiry regarding Defendant's products or services within the past three (3) months before receiving the above calls.

20. Plaintiff never signed any type of authorization permitting or allowing Defendant to send them call solicitations.

21. Defendant's unlawful conduct resulted in intrusion into the peace and quiet in a realm that is private and personal to Plaintiff and the Class members.

## CLASS ALLEGATIONS

### PROPOSED CLASS

22. Plaintiff brings this lawsuit as a class action on behalf of Plaintiff individually and on behalf of all other similarly situated persons pursuant to Fla.R.Civ.P. 1.220. The class that Plaintiff seeks to represent (the "Class") is defined as:

> **All persons in the United States who from four years prior to the filing of this action through the date of class certification (1) Defendant, or anyone on Defendant's behalf, (2) placed more than one call within any 12-month period; (3) where the person's telephone number that had been listed on the National Do Not Call Registry for at least thirty days; (4) regarding Defendant's property, goods, and/or services; (5) who did not purchase or transact business with Defendant during eighteen months immediately preceding the date of the first call; and (6) who did not contact Defendant during the three months immediately preceding**

**the date of the first call with an inquiry about a product, good, or service offered by Defendant.**

23. Plaintiff reserves the right to modify the Class definition as warranted as facts are learned in further investigation and discovery.

24. Defendant and their employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class but believes Class Members' number in the several thousands, if not more.

### NUMEROSITY

25. Upon information and belief, Defendant has placed violative calls to telephone numbers belonging to at least 50 persons. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

26. The exact number and identities of Class Members are unknown at this time and can be ascertained only through discovery. Identification of Class Members is a matter capable of ministerial determination from Defendant's call records.

### COMMON QUESTIONS OF LAW AND FACT

27. There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are:

   a. Whether Defendant initiated solicitation calls to Plaintiff and the Class members who had registered their numbers on the National Do Not Call Registry; and

   b. Whether Defendant is liable for damages, and the amount of such damages.

28. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits telephonic sales calls without consent is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently

adjudicated and administered in this case.

### TYPICALITY

29. Plaintiff's claims are typical of the claims of Class members, as they are all based on the same factual and legal theories.

### PROTECTING THE INTERESTS OF CLASS MEMBERS

30. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

### SUPERIORITY

31. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

32. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain Class members are not parties to such actions.

7

## COUNT I
### VIOLATIONS OF 47 U.S.C. § 227(c) AND 64.1200(c)
(On Behalf of Plaintiff and the Class)

33. Plaintiff re-alleges and incorporates the allegations set forth in paragraphs 1-32 as if fully set forth herein.

34. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides in pertinent part that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government." 47 C.F.R. § 64.1200(c)

35. Per 47 C.F.R. § 64.1200(e), § 64.1200(c) is "applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers." 47 C.F.R. § 64.1200(e).

36. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

37. Defendant violated 47 C.F.R. § 64.1200(c) by initiating telephone solicitations to telephone subscribers such as Plaintiff and the Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

38. Defendant violated 47 C.F.R. § 64.1200(c) because Plaintiff and Class members received more than one phone call in a 12-month period from Defendant.

39. Pursuant to section 227(c)(5) of the TCPA, Plaintiff and the DNC Class members are entitled to an award of $500.00 in statutory damages for each and every negligent violation.

40. Pursuant to section 227(c)(5) of the TCPA, Plaintiff and the DNC Class members are entitled to an award of $1,500.00 in statutory damages for each and every knowing or willful violation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of themselves and members of the Class, prays for the following relief:

   a. An order certifying this case as a class action on behalf of the Class as defined above, and appointing Plaintiff as the representative of the Class and Plaintiff's counsel as Class Counsel;

   b. An award of statutory damages for Plaintiff and each member of the Class as applicable under the TCPA;

   c. An order declaring that Defendant's actions, as set out above, violate the TCPA;

   d. An injunction requiring Defendant to comply with 47 U.S.C. § 227(c) and 47 C.F.R. 64.1200(c);

   e. An award of attorney's fees, costs, and interest, as allowed by applicable law; and

   f. Such further and other relief the Court deems reasonable and just.

## JURY DEMAND

Plaintiff and members of the Class hereby demand a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemization of telephone numbers associated with Defendant and the calls as alleged herein.

Date: October 23, 2025

9

Respectfully Submitted,

/s/ Mitchell D. Hansen
**MITCHELL D. HANSEN, ESQ.**
Florida Bar No. 1065929
E-mail: mitchell@jibraellaw.com
**ZANE C. HEDAYA, ESQ.**
Florida Bar No.: 1048640
E-mail: zane@jibraellaw.com
**GERALD D. LANE, JR., ESQ.**
Florida Bar No.: 1044677
E-mail: gerald@jibraellaw.com
The Law Offices of Jibrael S. Hindi
1515 NE 26th Street
Wilton Manors, Florida 33305
Phone: 813-340-8838

*COUNSEL FOR PLAINTIFF*

NOV 10 2025